ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email:  arthur.j.ewenczyk@usdoj.gov
        richard.m.rolwing@usdoj.gov
        john.e.sullivan@usdoj.gov

# SEALED

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | **INDICTMENT** |
| v. | : | Viols. |
| SEZGIN BARAN KORKMAZ, | : | **Count 1** – 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering Offenses) |
| Defendant. | : | |
| | | **Count 2** – 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding) |

Case: 2:21-cr-00140
Assigned To : Campbell, Tena
Assign. Date : 03/31/2021

Forfeiture

The Grand Jury charges:

At times relevant to this Indictment:

### Defendant and His Entities

1.      Defendant SEZGIN BARAN KORKMAZ ("KORKMAZ") was a resident of

Turkey, was the 100% owner of the following entities, and controlled bank accounts maintained

in the names of these entities in the following countries:

| Name | Country |
|------|---------|
| SBK Holding A.S. | Turkey |
| Biofarma Ilac San. ve Tic. A.S. ("Biofarma") also known as Biopharma | Turkey |
| Isanne S.à.r.l. | Luxembourg |

**Other Bank Accounts Controlled by Defendant Korkmaz**

2.     Defendant KORKMAZ also controlled, either directly or through associates, other bank accounts in Turkey maintained in the following names:

> Komak Isi Yalitim Sistemleri Sanayi ve Tic. L.S. ("Komak");
>
> Setap Teknoloji Sistemleri Sanayi ve Tic. A.S. ("Setap");
>
> Blane Teknoloji Sistemleri Sanayi ve Tic. A.S. ("Blane");
>
> Mega Varlik Yonetim A.S. ("Mega Varlik");
>
> Jacob Kingston; and
>
> Alptekin Yilmaz.

**Other Persons and Entities**

3.     Jacob Kingston was a resident of Utah and owned 50% of Washakie Renewable Energy, LLC ("Washakie").  He was the chief executive officer of Washakie.

4.     Isaiah Kingston was a resident of Utah and owned 50% of Washakie.  He was the chief financial officer of Washakie.

5.     Washakie was a limited liability company with corporate offices in Salt Lake City, Utah.  As of January 7, 2013, Washakie described itself on its website as "Utah's largest producer of clean burning and sustainable biodiesel."  As of November 10, 2013, Washakie described itself on its website as "the largest producer of biodiesel and chemicals in the intermountain west."

2

6.     United Fuel Supply ("UFS") was a limited liability company with corporate offices in Salt Lake City, Utah. UFS was controlled by Jacob Kingston and Isaiah Kingston.

7.     Levon Termendzhyan, also known as Lev Aslan Dermen, was a resident of California. He had an interest in or controlled several fuel-related companies in the United States, including:

> Noil Energy Group Inc., a corporation with offices in California ("Noil Energy Group");
>
> Speedy Lion Renewable Fuel Investments LLC (formerly Speedy Lion Renewable Fuel Investments Inc.) ("Speedy Lion"); and
>
> G.T. Energy LLC ("G.T. Energy").

8.     SBK Holdings, Inc., later SBK Holdings USA, Inc. ("SBK Holdings USA"), was a corporation formed in California in December 2013 initially owned by Levon Termendzhyan and Jacob Kingston. Levon Termendzhyan controlled SBK Holdings USA's bank accounts and became the sole owner of the entity in or around September 2014.

## Proceeds From Specified Unlawful Activity

9.     The term "proceeds from specified unlawful activity" means any property derived from or obtained or retained, directly or indirectly, through specified unlawful activity, including the proceeds of such activity. "Specified unlawful activity" includes mail fraud in violation of 18 U.S.C. § 1341 and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.

10.     Beginning in or about the fall of 2011 and continuing up to at least February 2016, Jacob Kingston, Isaiah Kingston, and Levon Termendzhyan conspired to commit mail fraud by scheming to fraudulently obtain U.S. Treasury checks from the IRS by filing false claims for refundable renewable fuel credits. Pursuant to the scheme, Jacob Kingston, Isaiah Kingston, and Levon Termendzhyan caused Washakie Renewable Energy and United Fuel

Supply to file over $1 billion of false claims with the IRS. As a result of these false claims, the IRS issued U.S. Treasury checks to Washakie totaling approximately $470 million that Washakie and UFS were not entitled to receive. This scheme is hereinafter referred to as the "Washakie Mail Fraud Scheme."

11.     Jacob Kingston and Isaiah Kingston, at the direction of Levon Termendzhyan and Defendant KORKMAZ, caused Washakie to wire transfer approximately $133 million of fraud proceeds from the Washakie Mail Fraud Scheme to bank accounts in Luxembourg and Turkey that were controlled by Defendant KORKMAZ.

**Count 1**
**18 U.S.C. § 1956(h)**
**(Conspiracy to Commit Money Laundering Offenses)**

12.     Paragraphs 1-11 are incorporated by reference and re-alleged as though fully set forth herein.

**The Conspiracy**

13.     From in or about March 2013, and continuing at least through in or about December 2020, in the Central Division of the District of Utah and elsewhere, the defendant,

**SEZGIN BARAN KORKMAZ,**

did knowingly combine, conspire, and agree with other persons both known and unknown to the Grand Jury, including Levon Termendzhyan, a co-conspirator not named as a defendant herein, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is:

a.      to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the proceeds of the Washakie Mail Fraud Scheme, in violation of Title 18, United States Code,

4

Section 1341, from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; and

b.      to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the proceeds of the Washakie Mail Fraud Scheme, in violation of Title 18, United States Code, Section 1341, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, 1956(a)(1)(B)(i), and that while conducting or attempting to conduct such transactions, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity.

**Manner and Means**

14.      Among the manner and means by which Defendant KORKMAZ and his co-conspirators would and did carry out the objectives of the conspiracy were the following:

a.      They transferred, and caused to be transferred, proceeds of the Washakie Mail Fraud Scheme ("Fraud Proceeds") from Washakie's bank accounts in the United States to bank accounts located in Turkey and Luxembourg that were controlled by Defendant KORKMAZ.

b.      After transferring Fraud Proceeds to bank accounts in Turkey and

5

Luxembourg, they transferred, and caused to be transferred, Fraud Proceeds back to the United States to bank accounts in Los Angeles that were controlled by Levon Termendzhyan.

        c.      They used bank accounts located in Turkey, including accounts in the names of Biofarma and Alptekin Yilmaz, to transfer Fraud Proceeds for the purpose of concealing and disguising the true nature and source of the funds being transferred.

        d.      They used bank accounts located in Turkey, including accounts in the names of Jacob Kingston and companies owned in Kingston's name, including Setap and Mega Varlik, to transfer Fraud Proceeds for the purpose of concealing and disguising the true nature and source of the funds being transferred.

        e.      They had Jacob Kingston execute powers of attorney forms providing control over his bank accounts and companies in Turkey to Defendant KORKMAZ's associates, through which Defendant KORKMAZ controlled these accounts and companies.

        f.      They characterized the transfers of Fraud Proceeds as loans, share purchases, and loan paybacks for the purpose of concealing and disguising the true nature and source of the funds being transferred.

        g.      They transferred, and caused to be transferred, Fraud Proceeds from bank accounts in the United States to bank accounts in Turkey and Luxembourg, and from bank accounts in Turkey and Luxembourg to bank accounts in the United States, including at least 30 transfers totaling $301,315,477 on the dates and in the amounts set forth in the table below between the listed sender and recipient:

| Para. Num. | Date | Sender (Country) | Recipient (Destination) | Amount Sent to Turkey/ Luxembourg | Amount Sent to USA |
|---|---|---|---|---|---|
| A. | 09/09/13 | Washakie (USA) | Komak (Turkey) | $4,000,000 | |

| Para. Num. | Date | Sender (Country) | Recipient (Destination) | Amount Sent to Turkey/ Luxembourg | Amount Sent to USA |
|---|---|---|---|---|---|
| B. | 09/09/13 | Washakie (USA) | Komak (Turkey) | $5,000,000 | |
| C. | 09/12/13 | Komak (Turkey) | Speedy Lion (USA) | | $4,999,964 |
| D. | 09/17/13 | Komak (Turkey) | Speedy Lion (USA) | | $1,999,964 |
| E. | 09/19/13 | Komak (Turkey) | Speedy Lion (USA) | | $1,999,964 |
| F. | 11/13/13 | Washakie (USA) | SBK Holding Turkiye (Turkey) | $10,000,000 | |
| G. | 12/31/13 | Washakie (USA) | Komak (Turkey) | $13,000,000 | |
| H. | 01/21/14 | Komak Isi Yalitim Siste (Turkey) | Speedy Lion (USA) | | $9,000,000 |
| I. | 03/12/14 | Washakie (USA) | Jacob Kingston (Turkey) | $10,000,000 | |
| J. | 03/24/14 | Washakie (USA) | Teknoloji Sistemleri San Ve Tic (Turkey) | $4,055,700 | |
| K. | 03/24/14 | Washakie (USA) | Teknoloji Sistemleri San Ve Tic (Turkey) | $5,000,000 | |
| L. | 05/09/14 | Washakie (USA) | Teknoloji Sistemleri San Ve Tic (Turkey) | $2,000,000 | |
| M. | 04/28/15 | Washakie (USA) | Turkiye Garanti Bankasi AS (Turkey) | $15,000,000 | |
| N. | 05/19/15 | Washakie (USA) | Isanne SARL (Luxembourg) | $35,000,000 | |
| O. | 05/27/15 | Washakie (USA) | Isanne SARL (Luxembourg) | $21,300,000 | |
| P. | 06/22/15 | Alptekin Yilmaz (Turkey) | Speedy Lion (USA) | | $6,999,950 |
| Q. | 06/23/15 | Alptekin Yilmaz (Turkey) | Speedy Lion (USA) | | $12,999,950 |
| R. | 07/03/15 | Isanne SARL (Luxembourg) | SBK Holdings USA (USA) | | $15,000,000 |
| S. | 10/27/15 | Speedy Lion (USA) | Alptekin Yilmaz (Turkey) | $6,999,950 | |

| Para. Num. | Date | Sender (Country) | Recipient (Destination) | Amount Sent to Turkey/ Luxembourg | Amount Sent to USA |
|---|---|---|---|---|---|
| T. | 10/28/15 | Speedy Lion (USA) | Alptekin Yilmaz (Turkey) | $12,999,950 | |
| U. | 11/03/15 | Alptekin Yilmaz (Turkey) | G.T. Energy (USA) | | $19,999,950 |
| V. | 12/14/15 | Washakie (USA) | Jacob Kingston (Turkey) | $2,100,000 | |
| W. | 12/28/15 | Washakie (USA) | Jacob Kingston (Turkey) | $6,900,000 | |
| X. | 02/17/16 | Noil Energy Group (USA) | SBK Holding AS (Turkey) | $3,885,135 | |
| Y. | 03/22/16 | Noil Energy Group (USA) | Komak (Turkey) | $3,810,000 | |
| Z. | 06/09/16 | G.T. Energy (USA) | SBK Holding AS (Turkey) | $23,000,000 | |
| AA. | 06/10/16 | SBK Holding AS (Turkey) | G.T. Energy (USA) | | $23,000,000 |
| BB. | 10/21/16 | SBK Holdings USA (USA) | SBK Holding AS (Turkey) | $6,000,000 | |
| CC. | 11/08/16 | SBK Holdings USA (USA) | SBK Holding AS (Turkey) | $15,000,000 | |
| DD. | 11/08/16 | SBK Holdings USA (USA) | SBK Holding AS (Turkey) | $265,000 | |
| | | | | | |
| | | | Totals | $205,315,735 | $95,999,742 |

h.      They used Fraud Proceeds to buy various companies, some of which they

later sold.

i.      They used Fraud Proceeds to invest in various companies, including 1)

pharmaceutical companies in Turkey called Biofarma and Munir Sahin; 2) technology

companies in Turkey called Servus, which later became Setap, and even later Blane; 3) an asset

management company in Turkey called Mega Varlik; 4) holding companies in Turkey called

Bukombin and Bugaraj, which were used to acquire a Turkish airline called Borajet; and 5) an

aviation company in Turkey named Aydin Jet, which later was changed to SBK Air.

      j.     They used Fraud Proceeds to acquire other assets, including real property in Turkey, a hotel in Turkey, a hospital in Turkey, two hotels in Switzerland, a yacht named the Queen Anne, an airline, a jet, and a villa and an apartment on the Bosphorus in Istanbul, Turkey.

      All in violation of Title 18, United States Code, Section 1956(h).

## Count 2
## 18 U.S.C. § 1512(c)(2)
### (Obstruction of an Official Proceeding)

      15.     Paragraphs 1-11 are incorporated by reference and re-alleged as though fully set forth herein.

      16.     From on or about April 29, 2019, to on or about April 30, 2019, in the Central Division of the District of Utah and elsewhere, the defendant,

### SEZGIN BARAN KORKMAZ,

did knowingly, intentionally and corruptly obstruct, influence, and impede, and attempt to do so, an official proceeding, to wit, *United States of America v. Jacob Kingston, et al.*, Case No. 2:18-cr-00365, a criminal case filed in the United States District Court for the District of Utah, by making false statements during an interview conducted by attorneys with the U.S. Department of Justice, Tax Division, and special agents with the Internal Revenue Service and Environmental Protection Agency, to wit:

      a.     KORMAZ falsely stated that Jacob Kingston never told KORKMAZ that Kingston was under criminal investigation.

      b.     KORKMAZ falsely stated that he sent funds from Komak in Turkey to the United States because Jacob Kingston called him and told him that they found cheaper machinery in the United States and, therefore, Kingston wanted KORKMAZ to send the money

back to the United States;

        c.     KORKMAZ falsely stated that he told Jacob Kingston that KORKMAZ was sending the funds to Levon Termendzhyan to purchase cheaper equipment.

        d.     KORKMAZ falsely stated that he used his own money to make a $20 million loan to Levon Termendzhyan through Alptekin Yilmaz in June 2015.

        e.     KORKMAZ falsely stated that Levon Termendzhyan repaid this $20 million loan with interest three months later.

        f.     KORKMAZ falsely stated that he did not recall what the purpose was of a $1.2 million wire transfer sent by United Fuel Supply to Blane, and that he would ask Blane what it was about and for supporting documents.

All in violation of Title 18, United States Code, Section 1512(c)(2).

## NOTICE OF INTENT TO SEEK FORFEITURE

1.     Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956, Defendant SEZGIN BARAN KORKMAZ shall forfeit to the United States of America any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

        a.     Any and all investments made using proceeds, and any gains from those investments, including investments in Biofarma Ilac San. ve Ticaret A.S., Blane Teknoloji Sistemleri Sanayi ve Ticaret A.S. (formerly known as Servus and as Setap Teknoloji Sistemleri Sanayi ve Ticaret A.S.), Mega Varlik Yonetim A.S., including investments by SBK Holding A.S. in Turkey;

        b.     The yacht named the Queen Anne, refitted by Pina Marin in 2018, Hull Number Renewal No. DLZ76014G717, International Maritime Organization No. 9704958,

Maritime Mobile Service Identity No. 518100712, and call sign E5U3623; and

      c.    A MONEY JUDGMENT equal to the value of all property involved in the money laundering and not available for forfeiture for one or more of the reasons listed in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant.

      d.    Substitute property as allowed by 21 U.S.C. § 853(p) via 28 U.S.C. § 2461(c).

### GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE

The grand jury finds probable cause to believe that Defendant SEZGIN BARAN KORKMAZ has committed the crimes specified in the above forfeiture notice and that the above properties listed for forfeiture constitute or are derived from proceeds traceable to the Washakie Mail Fraud Scheme described in Paragraphs 9 and 10, and thus are connected to the money laundering conspiracy in Count 1 as property involved in such conspiracy or property traceable to the property involved in the conspiracy.

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

APPROVED:

ANDREA T. MARTINEZ
Acting United States Attorney

RICHARD M. ROLWING
Special Assistant United States Attorney

11