IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEZGIN BARAN KORKMAZ,<br><br>Defendant. | Case No. 2:21-CR-140-JNP<br><br>**ORDER AUTHORIZING INTERLOCUTORY SALE**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Before the Court is the United States' motion for the interlocutory sale of property that has been named as subject to forfeiture in this criminal case and is identified and described as the luxury yacht named the "Queen Anne," refitted by Pina Marin in 2018, Hull Number Renewal No. DLZ76014G717, International Maritime Organization No. 9704958, Maritime Mobile Service Identity No. 518100712, and call sign E5U3623, and all property contained thereon and therein (hereinafter the "Subject Property"), presently in the lawful possession, custody, and control of the United States.

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the Court "finds other good cause." Rule G(7)(b)(i). The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which

1

authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture.

The Court finds good cause for the issuance of this interlocutory sale order based on the following facts demonstrated by the United States: The very high costs associated with the United States taking custody of the Subject Property in Beirut, repairing it to make it seaworthy, renewing its expired registration, paying docking fees, paying to potentially transport it to the United States if it cannot be sold in place, and then preserving it through what could be very lengthy litigation, especially given that Defendant Sezgin Baran Korkmaz is currently being detained in Austria and is the subject of extradition requests made by both the United States and Turkey, satisfy multiple prongs of Supplemental Rule G(7)(b). Maintenance and repairs to the Subject Property are extremely expensive and time consuming, and the Subject Property is already in a state of repair that prohibits an unassisted ocean voyage. The costs for fuel, dockage, crewing, and other expenses if the Subject Property must be maintained by the United States for any length of time are also prohibitive, and would substantially reduce the value of the Subject Property, which is estimated at this time to be approximately $10 million.

Accordingly, it is HEREBY ORDERED as follows:

1. The Motion for Interlocutory Sale is granted and the Subject Property may be sold pursuant to the below provisions:

    a. The United States Marshals Service ("USMS"), including any contractor retained by the USMS, may auction the Subject Property according to its policies, practices, and procedures. The USMS has sole discretion to decide the logistics of the

auction, including but not limited to, the timing of such auctions; and the auction process itself.

      b.      The USMS may reject in its sole discretion any offer to purchase the Subject Property where it determines that such offer is made by a person involved in the criminal activity alleged as the basis for forfeiture in the indictment or a person acting on behalf of such a person.

2.      The proceeds from the sale shall be disbursed in the following priority and in the following order:

      a.      First, all costs of acquisition, transport, and sale of the Subject Property;

      b.      Second, all costs not previously paid that were incurred by the United States, its agencies, or contractors in connection with the storage, maintenance, repair, marketing, and sale of the Subject Property; and

      c.      Finally, all remaining proceeds shall be held by the USMS in a seized asset account pending the entry of this court's forfeiture order and directions in that order how the USMS may dispose of the proceeds.

3.      Under Rule G(7)(b)(iv), the Subject Property sale proceeds will be a substitute *res* subject to forfeiture in place of the Subject Property that will be sold. The USMS will hold the net proceeds in an interest-bearing account pending further order of this court.

Dated this ____ day of September, 2021.

                                                        BY THE COURT

                                                        _____
                                                        Jill N. Parrish
                                                        United States District Judge

4