FILED
2021 OCT 22 PM 1:54
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SEZGIN BARAN KORKMAZ,<br><br>　　　　Defendant. | ORDER AUTHORIZING INTERLOCUTORY SALE<br><br>Case No. 2:21-cr-00140-JNP<br><br>District Judge Jill N. Parrish |

　　　　Before the court is the United States' motion for the interlocutory sale of property that has been named as subject to forfeiture in this criminal case and is identified and described as the luxury yacht named the "Queen Anne," refitted by Pina Marin in 2018, Hull Number Renewal No. DLZ76014G717, International Maritime Organization No. 9704958, Maritime Mobile Service Identity No. 518100712, and call sign E5U3623, and all property contained thereon and therein (hereinafter, the Subject Property), presently in the possession of the United States.

　　　　Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause." FED. R. CIV P. G(7)(b)(i).

　　　　The court finds good cause for the issuance of this interlocutory sale order based on the following facts demonstrated by the United States: The high costs associated with paying docking fees, paying to potentially transport it to the United States if the Subject Property cannot be sold

in place, and then preserving it through what could be very lengthy litigation, especially given that Defendant Sezgin Baran Korkmaz is currently being detained in Austria and is the subject of extradition requests made by both the United States and Turkey, satisfy multiple prongs of Supplemental Rule G(7)(b). Maintenance and repairs to the Subject Property are extremely expensive and time consuming and the Subject Property is in a state of repair that prohibits an unassisted ocean voyage. The costs for fuel, dockage, crewing, and other expenses if the Subject Property must be maintained by the United States for any length of time are also prohibitive and would substantially reduce the value of the Subject Property, which is estimated at this time to be approximately $10 million. All potentially interested parties have agreed to the sale.

Accordingly, it is HEREBY ORDERED as follows:

1. The Supplemental Motion for Interlocutory Sale, ECF No. 17, is GRANTED. The Subject Property may be sold by the United States Marshals Service (USMS) or any contractor retained by the USMS.

2. The USMS may auction the Subject Property according to applicable regulations, policies, and procedures and subject to a commercially reasonable reserve price.

3. All proceeds of the sale shall be held in an interest-bearing seized asset account pending further directions from this court.

DATED October 22, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge