IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>SEZGIN BARAN KORKMAZ,<br><br>　　　　　　　　　Defendant. | **TRIAL ORDER**<br><br>Case No. 2:21-cr-00140-JNP-JCB<br><br>District Judge Jill N. Parrish |

　　　This case is set for a **15-day** jury trial to begin on **October 30, 2023 at 9:00 a.m.** The attorneys are expected to **appear in court at 8:30 a.m.** on the first day of trial for a brief pre-trial meeting.

　　　The final pretrial conference in this matter is scheduled for **October 20, 2023 at 10:00 a.m. in Room 8.200.** Counsel who will try the case must attend.

　　　Counsel are instructed as follows:

**1. Court-Imposed Deadlines.**

　　　The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make an appropriate motion to the court, and that motion may be joined by any other party.

**2. Jury Instructions and Verdict Form**

　　　The procedure for submitting proposed jury instructions (preliminary and final) and verdict forms is as follows:

(a)　　The parties must serve their proposed jury instructions and verdict forms on each other by **September 22, 2023**. The parties must then confer in order to agree on a single set of jury instructions and a single verdict form to the extent possible.

(b)　　The parties must file with the court a single set of the parties' joint proposed jury instructions and, to the extent possible, a single verdict form by **September 29, 2023.** A copy of the proposed instructions and verdict forms must also be emailed to utdecf_parrish@utd.uscourts.gov as a Word or WordPerfect document. It is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions and verdict forms.

Each instruction must be labeled and numbered at the top center of the page to identify the party submitting the instruction (*e.g.*, "Joint Instruction No. 1" or "Government's Instruction No. 1"). Include citation to the authority that forms the basis for the instruction.

(c)     Each party must file any objections to jury instructions or a verdict form question proposed by the other party by **October 6, 2023**. Any objections must recite the proposal in its entirety and specifically highlight the objectionable language contained therein. Objections must contain both a concise argument stating why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must** submit an alternative instruction or verdict form question covering the pertinent subject matter or principle of law. A copy of the proposed alternative instruction must be filed with the court and emailed to utdecf_parrish@utd.uscourts.gov as a Word or WordPerfect document. Include the case number and case name in the email subject line. Any party may, if it chooses, submit a brief written response in support of its proposed instructions or verdict form question by **October 13, 2023.**

(d)     All instructions must be short, concise, understandable, and *neutral* statements of law. Argumentative instructions are improper and will not be given to the jury.

(e)     Modified versions of statutory or other form jury instructions (*e.g.*, the Tenth Circuit Criminal Pattern Jury Instructions or Federal Jury Practice and Instructions) may be acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite to the authority, if any, supporting such a modification.

### 3. Exhibits and Motions *in Limine*

The parties shall exchange all exhibits to be presented at trial by **September 18, 2023**. The parties shall then meet and confer regarding stipulations to the admissibility of the exhibits by **September 22, 2023.** The parties shall file a notice of stipulated exhibits by **September 26, 2023**.

All *Daubert* motions and motions *in limine* must be filed with the court by **October 2, 2023.** A separate motion must be filed for each preliminary ruling sought. Each motion must specifically identify the relief sought and must be accompanied by a memorandum of law and a proposed order. Opposition memoranda must be filed by **October 10, 2023.** No memorandum in support of or in opposition to a motion may exceed five pages in length.

### 4. Voir Dire

The court's standard voir dire template may be found on the court's website or may be obtained by contacting chambers. That template includes the "Questions from the Bench," as well as an "Initial Juror Questionnaire" and a "Case-Specific Questionnaire," which will be incorporated into a one-page (front and back) jury questionnaire.

Voir dire will be conducted according to the following procedure. The potential jurors will be given the juror questionnaires in the jury assembly room. Each potential juror will fill out the questionnaire before voir dire begins. Court staff will collect the questionnaires and make

photocopies that will be provided to counsel before the potential jurors enter the courtroom. The court will ask counsel to introduce themselves, their staff, and their witnesses. The court will then read the Questions from the Bench. The potential jurors will be asked to raise their hands if they answer "yes" to any of these questions. Jurors will then be asked to introduce themselves and the court will question each juror in turn, exploring issues raised by any "yes" answers on the questionnaire. Next, the Government will be given up to 20 minutes to question the jurors, followed by up to 20 minutes of questions from the defendant. Counsel may question jurors as a group or question individual jurors.

When the attorneys have finished their questions, the court will invite counsel and the court reporter to a conference room where the court and the attorneys can ask additional questions of any potential jurors who indicated that they wished to discuss an issue in private. After the conclusion of any private follow up questions, the court will excuse potential jurors for hardship reasons and rule on challenges for cause. The parties may then exercise their peremptory challenges. The Government may exercise 6 peremptory challenges and the defendant may exercise 10 peremptory challenges.

The parties must follow the following procedure to suggest questions to be included on the juror questionnaire or to suggest any changes to the Questions from the Bench:

(a) The parties must review the court's standard voir dire question template. The parties must then serve on each other by **October 6, 2023** proposed questions for the Case-Specific Questionnaire and any proposed changes or additions to the Questions from the Bench or Initial Juror Questionnaire. Counsel should keep in mind that the final Case-Specific Questionnaire that the court submits to the potential jurors will be limited to one page. The parties must meet and confer in order to agree on a single set of voir dire questions to the extent possible.
(b) The parties must jointly file a single document containing the proposed questions for the Case-Specific Questionnaire, as well as any proposed changes or additions to the court's standard voir dire questions and email a Word or WordPerfect version of the document to utdecf_parrish@utd.uscourts.gov by **October 13, 2023**. That document should state whether each case-specific question is stipulated to by all parties. The document should also identify each proposed change to the court's standard voir dire questions and state whether the proposed change is stipulated to by all parties. Any proposed question or alteration that is not stipulated to by all parties should be clearly identified.
(c) Proposed questions for the Case-Specific Questionnaire should be drafted in a form that can be answered in writing with a "yes" or "no." A "yes" answer should indicate that there may be a need for additional follow-up questions. For example, "Are you aware of any reason why you cannot serve impartially on the jury in this case?"

## 5. Courtroom Equipment and Recorded Testimony

If counsel wish to use any courtroom equipment, such as easels, projection screens, etc., they must so state at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial.

6. **Trial Briefs**

   Any trial briefs must be filed by **October 17, 2023.**

7. **Exhibit Lists/Marking Exhibits**

   (a)   The Government is required to prepare an exhibit list for the court's use at trial. An exhibit list is optional for the Defendant.

   (b)   Exhibit lists must be prepared in Word or WordPerfect format for the court's use at trial. Standard forms for exhibit lists are available from the court's website. Questions regarding the preparation of these lists may be directed to the case manager, Lindsay Hola, at 801-524-6018.

   (c)   All parties are required to pre-mark their exhibits to avoid wasting time at trial

   (d)   All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically preceded by a designation of the party offering the exhibit, such as "Government Exhibit ___" or "Defendant's Exhibit ___." Counsel must designate a range of numbers to be used by each side to avoid the same number being used for more than one exhibit. For example, if the Government elected to use the numeric range of 1 to 100, the Defendant would begin at the numeric range of 200. Alphabetic identification is not permitted.

   (e)   Pages of documentary exhibits must retain the bates stamps used when the documents were produced in discovery.

   (f)   Original exhibits must be stapled.

   (g)   Two trial notebooks containing paper copies of exhibit lists and marked exhibits must be submitted to the court by **October 20, 2023**. The exhibit list must also be filed with the court and emailed as a Word or WordPerfect document to utdecf_parrish@utd.uscourts.gov.

   (h)   Electronic copies of all exhibits must also be submitted on a CD/DVD in PDF format. Optical Character Recognition (OCR) must be run on the PDF files to enable text searching of the exhibits.

   (i)   Compilation exhibits should be avoided unless all parties have stipulated to admissibility of the entire compilation. Instead, counsel should designate discrete exhibits.

8. **Witness Lists**

   The Government is required to submit a separate witness list for the court's use at trial. A

witness list is optional for the Defendant. Standard forms for witness lists are available from the court's website. Questions regarding the preparation of these lists may be directed to the case manager, Lindsay Hola, at 801-524-6018. Witness lists must be filed with the court and emailed as a Word or WordPerfect document to utdecf_parrish@utd.uscourts.gov by **October 20, 2023.**

The Government is also required to notify the defendants of the witnesses that it will call by 5:00 p.m. on the day before the witnesses are called.

### 9. Impeachment by Conviction

If the Government intends to impeach the Defendant with evidence of a criminal conviction under Federal Rule of Evidence 609, the Government must provide notice to the Defendant by **October 13, 2023.**

### 10. Pretrial Objections

Any party intending to offer evidence under Federal Rule of Evidence 902(11) or (12) must provide to opposing counsel and file with the court a notice of their intent by **October 6, 2023.** Any objections must be made in writing by **October 13, 2023**.

Any objection to the authenticity of an exhibit, as defined by Federal Rule of Evidence 901, must be made in writing by **October 6, 2023**. Challenges to the authenticity of an exhibit will be addressed at the final pretrial conference. All other objections to the admissibility of an exhibit are reserved until the exhibit is offered at trial.

### 11. Presentation of Exhibits at Trial

A hard copy of every exhibit offered in evidence must be presented to the court and to the witness at the time the exhibit is first used. The court will maintain a copy for later use by the court or a subsequent witness.

### 12. Courtroom Conduct

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a) Please be on time for each court session. In most cases, trial will be conducted from 8:30 a.m. until approximately 2:30 p.m., with two short (fifteen minute) breaks. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you. Any motions or matters that need to be addressed outside the jury will be heard at 8:00 a.m. or after the trial day has recessed. Usually, the court has other hearings set after 2:30 p.m.

(b) Stand as court is opened, recessed, or adjourned.

(c) Stand when the jury enters or retires from the courtroom.

(d)     Stand when addressing or being addressed by the court.

(e)     In making objections and responding to objections to evidence, counsel must state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402," or "Objection . . . hearsay and inadmissible under Rule 802."

(f)     Sidebar conferences are discouraged. Most matters requiring argument must be raised during recess. Please plan accordingly.

(g)     Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(h)     Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are *absolutely prohibited*.

(i)     Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

(j)     Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(k)     Offers of, or requests for, a stipulation must be made out of the hearing of the jury.

(l)     When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

(m)     Closing argument will follow the court's final instructions to the jury. Counsel are cautioned that any closing rebuttal argument must be limited to new issues raised during the Defendant's closing argument. The court will sustain an objection and instruct the jury to disregard rebuttal argument that could and should have been made in the Government's initial closing argument. The Government's closing argument must be structured to allow the Defendant a fair opportunity to address the argument in its closing.

(n)     Counsel are reminded that vouching is improper. In opening statements and in

arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue. The court will sustain an objection to improper vouching and instruct the jury that the argument is improper. *See* DUCrimR 57-7(c). The following statements are examples of improper vouching: "I believe the witness was telling the truth," or "I found the testimony credible."

(o)     Please review the guidelines for Creating the Best Transcript Possible with your entire trial team and witnesses before trial.

Signed April 24, 2023

                                BY THE COURT

                                _____
                                Jill N. Parrish
                                United States District Court Judge